```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -v- | : | CRIMINAL NO. 06-248 |
| | : | Judge Bates/Robinson |
| Jorge Ricardo Bardales Bourdet | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |

## MOTION TO DETAIN AND NOTICE OF WRITTEN PROFFER

The United States respectfully moves to detain each of the defendants now before the court and tenders the following written proffer.

Before the Court is the government's oral motion, made pursuant to Title 18, United States Code, Section 3142 (e) and (f), to detain each defendant pending trial. At a hearing held on October 3, 2006, the government made an oral proffer of its evidence. At this hearing an issue arose concerning post arrest statements allegedly made by each defendant.

### LAW

The government is guided here by principles set out in Section 3142 as well as *United States v. Alston,* 899 F.Supp 1 (D.D.C. 1995), aff'd, 79 F.3d 1208 (D.C.Cir. 1996) and *United States v. Smith,* 79 F.3d 1208 (D.C.Cir 1996), which affirmed *Als*ton.

The court in *Smith* succinctly summarized the dictates of Section 3142:

> If the court finds probable cause to believe that the defendant committed a drug offense for which a maximum penalty of ten years imprisonment or more is prescribed, the court must presume, subject to rebuttal by the defendant, that no combination of conditions upon the defendant's release would reasonably assure the safety of the community and the appearance of the defendant as required.

*Smith*, 79 F.2d at 1208.

In the instant case the government claims that each defendant is a flight risk and a danger to the community. The government must prove risk of flight by a preponderance of the evidence, but must prove danger to the community by clear and convincing evidence. *Alston,* 899 F.Supp at 2. A rebuttable presumption, that no condition or combination of conditions will reasonably assure a defendant's appearance and the safety of others, applies if the court finds that a defendant committed a controlled substances offense which has a maximum period of incarceration of 10 years or more. *See* 18 U.S.C. Section 3142(e); *Alston,* 899 F.Supp at 3. Further, an indictment is sufficient to show probable cause for purposes of 18 U.S.C. Section 3142(e). *Id.* (Citations omitted.) However, if the government chooses to put on additional evidence to show that a defendant committed the charged offense, or wishes to put on evidence directly related to flight or danger to the community, the government may do so by proffer. *Smith,* 79 F.3d at 1209-10; *Alston,* 899 F.Supp at 3, n.3.

The government is also mindful of additional guidance

provided by the *Smith* court:

> A pretrial detention hearing, however, is neither a discovery device for the defense nor a trial on the merits. The process that is due is only that which is required by and proportionate to the purpose of the proceeding. That purpose includes neither a reprise of all the evidence presented before the Grand Jury (citation omitted) nor the right to confront non-testifying government witnesses (citations omitted).

*Smith*, 79 F.3d at 1210.

Guided by the principles set out in Section 3142, *Alston,* and *Smith,* the government makes the following proffer, which it offers on the issues of whether there is probable cause to believe each defendant committed the charged offense, and whether each defendant would, if released, be a risk of flight and/or a danger to the community. In its oral proffer, the government talked about incriminating post arrest statements made by each defendant. The government now chooses not to rely on the post arrest statements proffered at the detention hearing, has not included those statements in this written proffer, and asks the court not to consider those post arrest statements in deciding probable cause and in deciding whether the defendants are a risk of flight or a danger to the community.

### PROFFER

Each of the defendants appearing before the court was indicted in the District of Columbia on August 17, 2006. The indictment charged these three defendants, in count two, with

conspiracy to import five kilograms or more of cocaine into the United States and with conspiracy to distribute five kilograms or more of cocaine, intending and knowing it would be imported into the United States, all in violation of Title 21, U.S.C., Sections 959,960, and 963, and Title 18, U.S.C., Section 2.

Pursuant to Title 21, U.S.C., Section 960, this violation is punishable by imprisonment for a period of a minimum mandatory ten years to a maximum of life.

Each of the three defendants is a citizen and resident of Guatemala. Guatemala is a Central American nation located just south of Mexico. Guatemala shares a border with Mexico, and with El Salvador. The defendants were arrested in El Salvador on September 27, 2006. The defendants were expelled by the government of El Salvador and turned over to the custody of the DEA. The defendants were flown to the United States in a DEA plane and made their initial appearance in the District of Columbia on September 28, 2006. The defendants were temporarily detained, pending a further detention hearing which was scheduled for October 3, 2006.

Although the United States has close and friendly ties with the nation of Guatemala, Guatemala (unlike the nation of Colombia) does not extradite its own citizens to the United States to face criminal charges in the United States.

Large quantities of cocaine are smuggled from Colombia to the United States, often through Mexico and across the Mexican

border into the United States.  Guatemala has become a way station for a significant amount of Colombian cocaine being smuggled to the United States.  This is in part because of its location between Colombia and Mexico, its proximity to Mexico, and its overmatched law enforcement.

On April 26, 2006 and June 20, 2006, Jorge Bardales and Edgar Chiu Serrano met in Guatemala and Panama with a person they believed to be a Colombian drug trafficker.  In reality, this person was a DEA informant posing as a Colombian drug trafficker. Bardales and Chiu agreed to assist the informant in smuggling 1500 pounds of cocaine into Guatemala and across the border into Mexico, with the understanding that the cocaine was going to the United States.  Both these meetings were surveilled by DEA agents, and both these meetings were recorded on audio and video tape.

On July 19, 2006, Bardales and the three defendants before the court met with the informant in El Salvador.  This meeting was surveilled by DEA agents and was audio and video taped. Bardales introduced the three defendants as people who would help him smuggle the cocaine into and out of Guatemala.  The defendants received $10,000 at this meeting from the informant. On August 23, 2006, the three defendants (this time without Bardales) met the informant in El Salvador.  Finally, on September 27, 2006, the three defendants met the informant in El Salvador.  All three meetings were surveilled by DEA agents and

were audio and video taped. Throughout all three meetings, the three defendants agreed to help the informant smuggle the cocaine into and out of Guatemala. The informant made it clear the cocaine would go to the United States. Constanza was to find a business through which to import the cocaine and a facility to store it. Del Cid Morales and Alvaro Rene Augustin Mejia indicted as Juan Doe) were to use their contacts with law enforcement to allow safe passage of the cocaine into Guatemala and, later, out of Guatemala.

Constanza was formerly the director of Science and Technology in Guatemala. In this job, Constanza traveled widely in Central America. Mejia and Del Cid Morales are former narcotics police officers in Guatemala. The defendants were paroled into the United States for purposes of dealing with the criminal charge against them. They otherwise possess no passport or visa. None of them has any known connection to the DC area.

## ARGUMENT

The indictment standing by itself shows there is probable cause to believe that the three defendants committed the offense charged. The additional matters presented in the proffer make it clear that there is such probable cause.

There is a presumption, subject to rebuttal by the defendant(s), that there is no condition or combination of conditions which would reasonably assure the safety of the community and the appearance of the defendant. Up to this point,

no defendant has offered any factual evidence to rebut this presumption. Given the circumstances of the case, it is unlikely that any of the defendants could rebut this presumption.

Where the presumption does not apply, the court is obligated under Section 3142(g) to consider the factors enumerated in that section in determining whether there are any conditions or combination of conditions which would reasonably assure the safety and flight prongs. Even considering the factors in 3142(g), detention is still warranted. The charged offense is a very serious drug offense carrying a heavy sentence. *See, Alston,* 899 F. Supp at 4. The weight of the evidence is strong. None of the defendants has any ties to the DC area, and none of the defendants apparently has the means to support themselves in the DC area if released. In fact, all the defendants are Guatemalan citizens who resided in Guatemala until a few days ago. If released into the community, none of the defendants would have any reason to remain in the DC area pending trial and possible lengthy incarceration, especially given that their country does not extradite its citizens to the United States. Thus, even putting aside the rebuttable presumption and considering the factors set out in 3142(g), the government has met its burden of showing both risk of flight and danger to the community.

Respectfully submitted,

KENNETH A. BLANCO Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530


By: _____
Paul Laymon, Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice
Criminal Division
1400 New York Avenue,NW, Room 8414
Washington, D.C. 20530
(202) 514-1286