UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-248 |
| v. | JUDGE BATES |
| JORGE RICARDO BARDALES BOURDET<br>    a/k/a Jota, | |
| ERIK DONAIRE CONSTANZA BRAN, | |
| EDGAR ANTONIO CHIU SERRANO, | |
| JUAN DANIEL DEL CID MORALES<br>    a/k/a Ovidio Fajardo Aladana, | |
| JUAN DOE<br>    a/k/a Edwin Renee Sapon Ruiz | |
|     **Defendants** | |

**GOVERNMENT'S MOTION TO EXCLUDE
TIME UNDER THE SPEEDY TRIAL ACT**

INTRODUCTION

The United States respectfully submits this motion seeking to exclude time from the calculation of the date by which the defendant in this case must be tried pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. Section 3161, and pursuant to 18 U.S.C. 3292.

As set forth, the Speedy Trial Act specifically authorizes the Court to: (1) exclude all time until the last co-defendant in this case is extradited to the United States, 18 U.S.C. Section 3161(h)(7) and (2) exclude time relating to a continuance of the trial date in the interests of justice because of the complexity of the case, 18 U.S.C. Section 3161(h)(8)(A).

The Court may also exclude time under the Speedy Trial Act while the government formally requests evidence from a foreign country, pursuant to 18 U.S.C. 3161.

## FACTUAL BACKGROUND

### A. General Background

This prosecution is based upon evidence obtained during a lengthy international investigation by the Drug Enforcement Administration (DEA) and other foreign law enforcement agencies. A related investigation began in May 2005. These defendants were arrested in September 2006.

### B. The Evidence

The evidence in this case, in part, consists of videotaped recordings, transcripts of the recordings, and physical exhibits such as maps, photos and photocopies, as well as witness testimony from the United States, Guatemala, and El Salvador, Central America.

The defendants were part of a group which met with DEA informants in Central America on four occasions: April 26th, June 20th, July 19th, and September 27, 2006. The group conspired to protect cocaine shipments through Guatemala, Central America, for shipment to the United States. Members of the group accepted thousands of dollars in cash to plan the protection of the cocaine. The informants recorded each meeting.

A grand jury in the District of Columbia indicted the defendants on August 17, 2006. On September 27, 2006, the three defendants before the Court arrived in San Salvador, El Salvador for another meeting with the informants. Salvadoran authorities arrested the three defendants, and expelled them from El Salvador. They were brought immediately to the United States.

## LEGAL ANALYSIS

### A. Time Excluded Under The Speedy Trial Act

The Speedy Trial Act ordinarily requires a defendant to be tried within seventy days from the

filing of his indictment or from the date on which he appears before a judge or magistrate, whichever occurs last. 18 U.S.C. §§ 3161(c)(1). Numerous exceptions exist, however, that exclude time from the seventy day period. One specific exception is:

> "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted."
> 18 U.S.C. Section 3161(h)(7).

In United States v. Varella, 692 F.2d 1352, 1358 (11th Cir. 1982), the court noted this provision embodied Congress' recognition that "the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time." Thus, other courts have relied upon this provision as a basis to exclude significant periods of time from the computation of a defendant's speedy trial calendar.

Indeed, in United States v. Tobin, 840 F.2d 867 (11th Cir. 1988), the court found that the exclusion of eight months and ten days based upon in an unsuccessful effort to capture a fugitive co-defendant was reasonable. See also United States v. Register, 182 F.3d 820, 826-28 & n. 8 (11th Cir. 1999) (holding that a 38 month delay, while extraordinary, did not raise speedy trial concerns where the delay had resulted in part from the periodic joinder of defendants and the return of several superseding indictments).

These same interests clearly support the exclusion of time under the Speedy Trial Act in this case, perhaps even until the last defendant is arrested and brought to the United States. The defendants in this case are charged in a single conspiracy and the interests of judicial economy strongly weigh in favor of a single trial. The burden of multiple trials in this case would be enormous, particularly because of the costs associated with bringing numerous civilian and law enforcement witnesses from several different countries to the United States.

The government is not asking, in any event, for an indefinite period of time to bring the two

remaining co-defendants to trial in the United States, but would ask this Court for a 6 month tolling of the speedy trial statute for this reason alone.

### B. The Complexity Of The Case Tolls Speedy Trial Provisions

The Speedy Trial Act also authorizes the Court to effectively toll the seventy day trial period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(8)(A). In determining whether to grant a continuance, one factor the Court must consider is

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits [prescribed by the statute]. 18 U.S.C. §3161(h)(8)(B)(ii).

Numerous decisions have declared cases to be sufficiently "complex" within the meaning of the Speedy Trial Act to warrant a continuance of the trial date. In United States v. Brooks, 697 F.2d 517 (3d Cir.1982), for example, the appellants challenged their criminal convictions, asserting violations of their rights under the Speedy Trial Act. In rejecting these claims, the Third Circuit upheld the decision of the district court granting a continuance pursuant to 18 U.S.C. §§ 3161(h)(8)(B)(ii).

The trial court relied on the fact that the indictment charged nine individuals with engaging in a lengthy drug conspiracy involving the manufacture and distribution of a controlled substance in violation of 21 U.S.C. §§ 846. The indictment also detailed four separate substantive charges of possession and distribution of controlled substances by some members of the conspiracy. On these facts, the Court of Appeals concluded that the trial court's holding that the case was complex and warranted additional time for preparation before trial was proper. Id. at 522.

Similarly, in United States v. Al-Arian, 267 F.Supp.2d (M.D. Fla. 2003), the trial court concluded that a case involving a group of international criminals was sufficiently complex to warrant granting the Government's continuance request. The evidence in that case consisted of 21,000 hours of recorded conversations in Arabic, hundreds of boxes of documentary evidence, and voluminous other foreign law enforcement materials. Based upon the complexity of the case the trial court granted a continuance from June 5, 2003, until January 10, 2005 - a period of 19 months.

See also United States v. Kamer, 781 F.2d 1380 (9th Cir. 1986) (concluding that an "ends of justice" continuance for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which were in the Dutch language, and many foreign witnesses); United States v. Strong, 608 F.Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

A continuance of this case would serve the interests of justice because of the complex nature of the prosecution. The investigation conducted in this case has generated recordings of several meetings, and dozens of pages of reports and files from authorities in the United States and Central America. Some documents, and the recordings themselves, are in Spanish and must be translated.

Moreover, several of the government's potential witnesses reside outside the United States and must be brought to this country to testify at trial. In addition, because the case involves the extraterritorial application of United States law and the prosecution of an international drug conspiracy, it may present novel questions of fact or law.

**C. The Government's Request for foreign evidence also tolls Speedy Trial Provisions**

The government also anticipates filing a formal request for evidence with the governments of Guatemala and El Salvador. 18 U.S.C. 3161(h)(9) allows this Court to toll Speedy Trial

Provisions while the government's request is pending, regardless of the other reasons presented..

The Court may order "[a]ny period of delay, not to exceed one year," upon application of a party and a "finding by a preponderance of the evidence that an official request [to a foreign country] has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." §3161(h)(9).

See United States v. Serna, 630 F. Supp. 779 (S.D.N.Y. 1986) (finding the government was entitled to continued exclusion of time not to exceed one year under 18 U.S.C.A. § 3161(h)(9) while the government made a diligent and good-faith effort to obtain evidence gathered by Spanish police); United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985)(concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

Excluding an entire year, however, does not necessarily mean that the trial need be delayed this long. The government will seek to obtain the requested evidence as expeditiously as possible. Alternatively, the Court could grant the government's motion for a shorter period of time with the opportunity for the government to seek additional exclusions of time up to a total of one year.

Accordingly, the government submits that the ends of justice would be served and the interests of the public and the defendant are outweighed by granting a continuance of the trial date. At this early stage of the trial proceedings, it is impossible to gauge how long it will take the parties to prepare for trial.

CONCLUSION

For all the foregoing the government therefore requests that the Court continue the setting of a trial date for six months and exclude that six month period of delay in computing the time within which the trial of the offense must commence. The government also asks the Court to set a status conference in January 2007.

        Respectfully submitted,

        KENNETH BLANCO
        Chief
        Narcotic and Dangerous Drug Section
        1400 New York Avenue, NW
        Washington, DC 20005

        _____

By:   Paul Laymon
       Michael Mota
       Trial Attorneys
       Narcotic and Dangerous Drug Section
       1400 New York Avenue, NW
       Washington, DC 20005

       (202) 514-5540

CERTIFICATE OF SERVICE

I certify that a copy of this pleading was delivered to all parties via ECF on this date, October 25, 2006.

_____By:   Paul Laymon
       Michael Mota
       Trial Attorneys
       Narcotic and Dangerous Drug Section
       1400 New York Avenue, NW
       Washington, DC 20005

       (202) 514-5540